IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA VILLAGOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 2540 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| SHERMAN HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendant for its alleged violations of Title VII. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment. For the reasons set forth below, the Court grants the motion.

### Facts

In 1998, defendant hired plaintiff, who is Hispanic, as a receptionist. (Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶¶ 1, 17.) In 2003, plaintiff started working in defendant's Human Resources ("HR") Department as support for the recruiters. (*Id.* ¶ 18.) Her duties in this role included processing information and setting up personnel files for new employees and reviewing benefit information with them. (*Id.* ¶ 19.)

By 2007, plaintiff had moved into HR's benefits group, which was comprised of plaintiff, Jolynn Poll and Pat Glen, who are Caucasian, and Yvonne Scruggs, who is African American. (*Id.* ¶¶ 20, 25.) Plaintiff's responsibilities in this role included tracking performance appraisals, processing pay increases and communicating with employees about their benefits. (*Id.* ¶¶ 20-21.)

Plaintiff reported to HR Manager Michelle Principato, who reported to HR Vice President Katie Bata. (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Villagomez Dep. at 19-20; *see* Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶¶ 3, 5.)

In late 2007, Bata, Principato and HR Director Bill Corbin told the benefits group that their jobs were going to be restructured and they would be terminated as of January 4, 2008. (Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 25.) Shortly thereafter, however, Principato asked plaintiff to continue working after January 4 to help with the transition. (*Id.* ¶ 30.) Plaintiff agreed and asked for additional severance or a bonus for doing so. (*Id.* ¶¶ 32, 34.) Principato said she would look into plaintiff's request. (*Id.* ¶ 34.) Shortly thereafter however, and without having given plaintiff an answer, Principato resigned and was replaced by Nancy Gilbert. (*Id.* ¶¶ 34-35.)

During her extended employment, plaintiff applied for the restructured HR jobs. (*Id.* ¶ 36.) Defendant says it did not hire her because she was not qualified for them. (Def.'s LR 56.1(a) Stmt. ¶¶ 37-44.) Plaintiff contends that the decisions were based on her race.

On March 31, 2008, plaintiff resigned. (Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 46.) Because she resigned, plaintiff received no severance. (*Id.* ¶ 51.)

In this suit, plaintiff claims that defendant did not hire her for one of the restructured jobs because of her race or national origin, gave her more work and less compensation than non-Hispanic employees and subjected her to a racially hostile work environment.[1]

---

[1] Plaintiff does not allege that the restructuring of the benefits group was discriminatory. (*See* Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 26.)

2

## Discussion

To prevail on a summary judgment motion, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff can defeat defendant's motion on her discrimination claims by using the direct method, *i.e.*, offering evidence of actions or comments that suggest bias, that defendant gave "systematically better treatment" to similarly situated non-Hispanic employees or treated non-Hispanic employees more favorably for incredible reasons, or by using the indirect method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 719-21 (7th Cir. 2005) (quotation omitted). Plaintiff says her claims survive under either method.

Plaintiff contends that race-related statements made by Bata are sufficient to suggest that discrimination motivated her to take the actions plaintiff contests. Viewed favorably to plaintiff, the record shows that Bata: (1) told some co-workers that she saw "a little black boy on a bicycle in her neighborhood" and, because "she didn't know what [he] was doing there[,] . . . . her father followed him" and discovered that he was "there for some type of game . . . in th[e] neighborhood" (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Villagomez Dep. at 134-35); (2) commented that Hispanics

3

"color their house [sic] with funny colors" (*id.* at 135); (3) said that she had "never seen a Hispanic with a good education" (*id.* at 165); and (4) said that her "family is pure white .... not mixed" (*id.*). Plaintiff could not recall, however, when Bata made the third and fourth statements and said Bata made the second "after she started [as HR Vice President]," which was in October 2006. (*Id.* at 135, 165; *see* Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 2.) Thus, the only statement Bata made near the time of the restructuring is the first one (*see* Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Villagomez Dep. at 135), which does not support the inference that Bata was biased against Latinos.

Plaintiff fares no better with the indirect method of proof, which requires her first to establish a prima facie case of discrimination. *Rudin*, 420 F.3d at 724. For the failure-to-hire claim, the prima facie case requires evidence that plaintiff is a member of a protected class, she applied and was qualified for the restructured jobs and defendant rejected her and hired people outside of the protected class. *Id.* If plaintiff establishes a prima facie case, defendant must "articulate a legitimate and non-discriminatory reason for the employment action." *Id.* (quotation omitted). If it does so, plaintiff must then show that the proffered reason was "merely a pretext for discrimination." *Id.* (quotation omitted). Because defendant says it did not hire plaintiff because she was unqualified, the prima facie case and pretext inquiries boil down to a single question: Was plaintiff qualified for the restructured jobs?

The record contains no evidence that suggests she was. It is undisputed that the restructured jobs were "benefits analyst" positions and required the successful candidates to "[a]dminister a specific benefit program(s) . . . [,] develop[] recommendation [sic] for program revision as appropriate . . . [and] review details with, and assist staff and leaders for Sherman human resources and benefit programs." (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. A, Bata Decl., Ex. B, Job

4

Descriptions.) Some of the "[e]ssential" job functions were to: (1) "[m]onitor, analyze and research utilization experience and trends on assigned benefit program(s); compile information and prepare operational and financial reports"; and (2) "[m]ediate problems between Sherman employees and serve as liaison between Sherman and plan provider or third party administrator." (*Id.*) "Acceptable Experience and Training" were "[a] Bachelors [sic] degree in human resources or business administration, or an Associates [sic] degree with at least 3-5 years progressive experience at a professional level in employee benefits/insurance programs, contract interpretation and claims resolution." (*Id.*) It is also undisputed that, at the time of the restructuring, plaintiff did not have a degree in human resources (Pl.'s Stmt. Add'l Facts ¶ 16), and there is no evidence to suggest that she had either the experience or the skills the positions required. There is also no dispute that the non-Hispanic candidates whom defendant hired, Nancy Gilbert and Lisa Knight, each had Bachelor's and Master's Degrees in human resources and at least nine years experience in the field. (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. A, Bata Decl. ¶¶ 4, 10; *id.*, Ex. A, Gilbert Resume; *id.*, Ex. C, Knight Resume.) The only thing plaintiff offers to rebut this evidence is her subjective belief that she was qualified for the jobs (*see* Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Villagomez Dep. at 40), which is insufficient to defeat summary judgment on the failure-to-hire-claim. *See Hall v. River Forest*, 563 F.3d 615, 620 (2008) ("[A]n employee's own subjective belief that she is as qualified or more qualified than another applicant is insufficient.").

Plaintiff's second discrimination claim is based on defendant's refusal to give her additional compensation for her post-January 4 employment. The prima facie case for this claim requires proof that plaintiff is a member of a protected class, was performing her job satisfactorily and suffered an adverse employment action and defendant treated similarly situated employees outside of the

5

protected class more favorably. *Goodwin v. Bd. of Trs. of Univ. of Ill.*, 442 F.3d 611, 617 (7th Cir. 2006). Plaintiff's claim falters on the last element.

Viewed favorably to her, the record suggests that during the first quarter of 2008, plaintiff performed her own job duties and some or all of the duties that Scruggs and Poll had performed before the restructuring but was not given temporary assignment pay, *i.e.*, additional compensation, for the extra work. (*Id.* at 93-94, 122-24.) Moreover, it is undisputed that, in the same period, defendant gave temporary to assignment pay to HR employees Corbin, Principato and Gilbert, all of whom are Caucasian. (*Id.* at 123; *see* Pl.'s Stmt. Add'l Facts ¶¶ 14, 30.) But it is also undisputed that, unlike plaintiff, Corbin, Principato and Gilbert were all managers. (Def.'s App. Evid. Supp. Mot. Summ. J., Ex. C, Villagomez Dep. at 122-25.) Plaintiff offers no evidence that suggests any non-Hispanic, non-managerial HR employee received temporary assignment pay or rebuts defendant's assertion that it did not give such pay to three non-Hispanic, non-managerial HR employees who assumed additional duties during the first quarter of 2008. (*See* Pl.'s Resp. Def.'s LR 56.1(a) Stmt. ¶ 57.) Because plaintiff has not created a genuine issue of fact as to whether defendant gave temporary assignment pay to a similarly situated non-Hispanic employee, defendant is entitled to judgment as a matter of law on this claim.

That leaves plaintiff's harassment claim. To defeat defendant's motion on this claim, plaintiff must offer evidence that "her work environment was both subjectively and objectively hostile." *McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 566 (7th Cir. 2000). "An objectively hostile environment is one that a reasonable person would find hostile or abusive." *Id.* at 567 (quotation omitted). "In evaluating the objective offensiveness of a plaintiff's work environment, we consider all of the circumstances, including frequency and severity of the conduct,

6

whether it is humiliating or physically threatening, and whether it unreasonably interferes with an employee's work performance." *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 677-78 (7th Cir. 2005). Viewed favorably to plaintiff, the record suggests that she heard a few insulting comments over a period of years and performed extra duties for the first quarter of 2008, circumstances that do not constitute an objectively hostile environment. *See id.* at 678 (rejecting harassment claim based on "a limited number of incidents that are more reflective of run of the mill uncouth behavior than an atmosphere permeated with discriminatory ridicule and insult"); *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997) (stating that only a "hellish" workplace is actionable (quotation omitted)). Thus, defendant is entitled to judgment as matter of law on plaintiff's harassment claim as well.

## Conclusion

For the reasons set forth above, the Court finds that there is no genuine issue of material fact on plaintiff's claims and defendant is entitled to judgment as a matter of law. Therefore, the Court grants defendant's motion for summary judgment [doc. no. 23] and terminates this case.

**SO ORDERED.**  ENTERED: JUL 0 9 2010

HON. RONALD A. GUZMAN
United States District Judge

7-9-2010